**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **INNOVATIVE DISPLAY TECHNOLOGIES LLC,** | **Civil Action No. 2:14-CV-00201-JRG** |
| **Plaintiff,** | **CONSOLIDATED LEAD CASE** |
| **v.** | |
| **HYUNDAI MOTOR GROUP, LLC, et al.** | |
| **Defendants.** | |
| **INNOVATIVE DISPLAY TECHNOLOGIES LLC,** | **Civil Action No. 2:14-CV-00106-JRG** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **BMW OF NORTH AMERICA, LLC, et al.** | |
| **Defendants.** | |

**DEFENDANT BMW OF NORTH AMERICA, LLC'S
AMENDED ANSWER, DEFENSES & COUNTERCLAIMS
TO FIRST AMENDED COMPLAINT**

Defendant BMW of North America, LLC ("BMWNA") hereby provides amended answers to the numbered paragraphs of Plaintiff Innovative Display Technologies LLC's ("IDT") First Amended Complaint as follows:

**THE PARTIES[1]**

1.      Plaintiff Innovative Display Technologies LLC ("IDT") is a Texas limited liability company having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

---

[1] BMWNA's replication of headings in the Amended Complaint are merely for convenience and are not to be considered admission of their accuracy.  Accordingly, BMWNA denies them on this basis.

**Answer to Paragraph 1:**  **BMWNA is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis denies them.**

2.      Defendant BMW of North America, LLC  is a Delaware limited liability company having a principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, NJ 07675.

**Answer to Paragraph 2:**  **BMWNA admits that it is a Delaware Limited Liability Company having a place of business at 300 Chestnut Ridge Road, Woodcliff Lake, NJ 07675.**

3.      Defendant BMW Manufacturing Co., LLC is a Delaware limited liability company having a principal place of business at 1400 Highway 101 South, Greer, South Carolina 29651.

**Answer to Paragraph 3:**  **BMWNA admits BMWMC is a Delaware limited liability company having a place of business as 1400 101 South, Greer, South Carolina 29651.  BMWNA denies the remaining allegations of this paragraph.**

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.*

**Answer to Paragraph 4:**  **BMWNA admits that Plaintiff purports to state a civil claim for patent infringement pursuant to 35 U.S.C. § 271 *et seq.*  BMWNA denies the remaining allegations of this paragraph.**

5.      This Court has subject matter jurisdiction over this case for Patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

**Answer to Paragraph 5:**  **BMWNA admits that this court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).  BMWNA denies the remaining allegations of this paragraph.**

6.      This Court has personal jurisdiction over BMW. On information and belief, BMW, either directly or through intermediaries, regularly sells products and services into this judicial district and manufactures products intended to be sold and in fact sold into and within this judicial district.  Additionally, on information and belief, this Court has personal jurisdiction

over BMW because BMW has committed and/or participated in the commission of acts within this judicial district giving rise to this action.

**Answer to Paragraph 6:** BMWNA admits that venue over it exists in this district, but denies that this is the most appropriate or convenient forum to exercise jurisdiction over it in the case. BMWNA denies that it, directly or through intermediaries, sells infringing products and services in this judicial district and denies that it manufactures infringing productions intended to be sold, and in fact sold into this judicial district. BMWNA denies the remaining allegations of the paragraph.

7.       Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400 (b).

**Answer to Paragraph 7:** BMWNA admits that venue over it exists in this district under 28 U.S.C. §§ 1391(b) and 1400(b). However, BMWNA denies that this is the most appropriate or convenient forum to exercise jurisdiction over it in this case. BMWNA denies the remaining allegations of this paragraph.

## THE PATENTS-IN-SUIT

8.       U.S. Patent No. 6,755,547 titled "Light Emitting Panel Assemblies" ("the '547 Patent") was duly and legally issued by the U.S. Patent & Trademark Office on June 29, 2004, after full and fair examination. Jeffery R. Parker is the named inventor of the '547 Patent. IDT owns the '547 Patent and holds the right to sue and recover damages for infringement thereof.

**Answer to Paragraph 8:** BMWNA admits that U.S. Patent No. 6,755,547 titled "Light Emitting Panel Assemblies" ("the '547 Patent") was issued by the U.S. Patent & Trademark Office on June 29, 2004. BMWNA admits Jeffrey R. Parker is listed as the named inventor on the '547 Patent. BMWNA denies the remaining allegations of this paragraph.

9.       U.S. Patent No. 7,300,194 titled "Light Emitting Panel Assemblies" ("the '194 Patent") was duly and legally issued by the U.S. Patent & Trademark Office on November 27, 2007, after full and fair examination. Jeffery R. Parker is the named inventor of the '194 Patent. IDT owns the '194 Patent and holds the right to sue and recover damages for infringement thereof.

**Answer to Paragraph 9:** BMWNA admits that U.S. Patent No. 7,300,194 titled "Light Emitting Panel Assemblies" ("the '194 Patent") was issued by the U.S. Patent

**& Trademark Office on November 27, 2007.  BMWNA admits the Jeffery R. Parker is listed as the named inventor on the '194 Patent.  BMWNA denies the remaining allegations of this paragraph.**

10.    U.S. Patent No. 7,384,177 titled "Light Emitting Panel Assemblies" ("the '177 Patent") was duly and legally issued by the U.S. Patent & Trademark Office on June 10, 2008, after full and fair examination. Jeffery R. Parker is the named inventor of the '177 Patent.  IDT owns the '177 Patent and holds the right to sue and recover damages for infringement thereof.

**Answer to Paragraph 10:  BMWNA admits that U.S. Patent No. 7,384,177 titled "Light Emitting Panel Assemblies" ("the '177 Patent") was issued by the U.S. Patent & Trademark Office on June 10, 2008.  BMWNA admits that Jeffery R. Parker is listed as the named inventor on the '177 Patent.  BMWNA denies the remaining allegations of this paragraph.**

11.    U.S. Patent No. 7,404,660 titled "Light Emitting Panel Assemblies" ("the '660 Patent") was duly and legally issued by the U.S. Patent & Trademark Office on July 29, 2008, after full and fair examination.  Jeffery R. Parker is the named inventor of the '660 Patent.  IDT owns the '660 Patent and holds the right to sue and recover damages for infringement thereof.

**Answer to Paragraph 11:  BMWNA admits that U.S. Patent No. 7,404,660 titled "Light Emitting Panel Assemblies" ("the '660 Patent") was issued by the U.S. Patent & Trademark Office on July 29, 2008.  BMWNA admits that Jeffery R. Parker is listed as the named inventor on the '660 Patent.  BMWNA denies the remaining allegations of this paragraph.**

12.    U.S. Patent No. 7,434,974 titled "Light Emitting Panel Assemblies" ("the '974 Patent") was duly and legally issued by the U.S. Patent & Trademark Office on October 14, 2008, after full and fair examination.  Jeffery R. Parker is the named inventor of the '974 Patent. IDT owns the '974 Patent and holds the right to sue and recover damages for infringement thereof.

**Answer to Paragraph 12:    BMWNA admits that U.S. Patent No. 7,404,660 titled "Light Emitting Panel Assemblies" ("the '660 Patent") was issued by the U.S. Patent & Trademark Office on July 29, 2008.  BMWNA admits that Jeffery R. Parker is**

**the named inventor on the '974 Patent.  BMWNA denies the remaining allegations of this paragraph.**

13.     U.S. Patent No. 7,537,370 titled "Light Emitting Panel Assemblies" ("the '370 Patent") was duly and legally issued by the U.S. Patent & Trademark Office on May 26, 2009, after full and fair examination.  Jeffery R. Parker is the named inventor of the '370 Patent.  IDT owns the '370 Patent and holds the right to sue and recover damages for infringement thereof.

**Answer to Paragraph 13:   BMWNA admits that U.S. Patent No. 7,537,370 titled "Light Emitting Panel Assemblies" ("the '370 Patent") was issued by the U.S. Patent & Trademark Office on May 26, 2009.  BMWNA admits that Jeffery R. Parker is the named inventor on the '370 Patent.  BMWNA denies the remaining allegations of this paragraph.**

14.     U.S. Patent No. 8,215,816 titled "Light Emitting Panel Assemblies" ("the '816 Patent") was duly and legally issued by the U.S. Patent & Trademark Office on July 10, 2012, after full and fair examination.  Jeffery R. Parker is the named inventor of the '816 Patent. IDT owns the '816 Patent and holds the right to sue and recover damages for infringement thereof.

**Answer to Paragraph 14:    BMWNA admits that U.S. Patent No. 8,215,816 titled "Light Emitting Panel Assemblies" ("the '816 Patent") was issued by the U.S. Patent & Trademark Office on July 10, 2012.  BMWNA admits that Jeffery R. Parker is the named inventor on the '816 Patent.  BMWNA denies the remaining allegations of this paragraph.**

15.     U.S. Patent No. 6,508,563 titled "Light Emitting Panel Assemblies for Use in Automotive Applications and the Like" ("the '563 Patent") was duly and legally issued by the U.S. Patent & Trademark Office on January 21, 2003, after full and fair examination.  Jeffery R. Parker, Mark D. Miller and Thomas A. Hough are the named inventors of the '563 Patent.  IDT owns the '563 Patent and holds the right to sue and recover damages for infringement thereof.

**Answer to Paragraph 15:    BMWNA admits that U.S. Patent No. 6,508,563 titled "Light Emitting Panel Assemblies for Use in Automotive Applications and the Like" ("the '563 Patent") was issued by the U.S. Patent & Trademark Office on January 21, 2003.  BMWNA admits that Jeffery R. Parker, Mark D. Miller and Thomas A. Hough are listed as the named inventors on the '563 Patent.  BMWNA denies the remaining allegations of this paragraph.**

16.    U.S. Patent No. 6,886,956 titled "Light Emitting Panel Assemblies for Use in Automotive Applications and the Like" ("the '956 Patent") was duly and legally issued by the U.S. Patent & Trademark Office on May 3, 2005, after full and fair examination.  Jeffery R. Parker, Mark D. Miller and Thomas A.  Hough are the named inventors of the '956 Patent.  IDT owns the '956 Patent and holds the right to sue and recover damages for infringement thereof.

**Answer to Paragraph 16:    BMWNA admits that U.S. Patent No. 6,886,956 titled "Light Emitting Panel Assemblies for Use in Automotive Applications and the Like" ("the '956 Patent") was issued by the U.S. Patent & Trademark Office on May 3, 2005.  BMWNA admits that Jeffery R. Parker, Mark D. Miller and Thomas A. Hough are listed as the named inventors on the '956 Patent.  BMWNA denies the remaining allegations of this paragraph.**

## COUNT 1: Infringement of U.S. Patent No. 6,755,547

17.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-16 as though fully set forth herein.

**Answer to Paragraph 17:    BMWNA incorporates by reference its responses to paragraphs 1-16 herein.**

18.    On information and belief, BMW has been and now is directly infringing the '547 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles (including but not limited to various model years of BMW's 3-series, 5-series and 6-series models) having displays (including but not limited to the 65829224346 navigation/driver information display) that infringe one or more claims of the '547 Patent, all to the injury of IDT.  BMW is thus liable for infringement of the '547 Patent pursuant to 35 U.S.C. § 271.

**Answer to Paragraph 18:    BMWNA denies the allegations of this paragraph.**

19.    As a result of BMW's infringement of the '547 Patent, BMW has damaged IDT. BMW is liable to IDT in an amount to be determined at trial that adequately compensates IDT for the infringement, which by law can be no less than a reasonable royalty.

**Answer to Paragraph 19:    BMWNA denies the allegations of this paragraph.**

20.     IDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '547 Patent.

> **Answer to Paragraph 20:  This paragraph contains a non-factual allegation to which a response is not required.  To the extent a response is required, BMWNA denies the allegations of this paragraph.**

21.     As a result of BMW's infringement of the '547 Patent, IDT has suffered and will continue to suffer loss and injury unless BMW is enjoined by this Court.

> **Answer to Paragraph 21:  BMWNA denies the allegations of this paragraph.**

> **COUNT 2: Infringement of U.S. Patent No. 7,300,194**

22.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-21 as though fully set forth herein.

> **Answer to Paragraph 22:    BMWNA incorporates by reference its responses to paragraphs 1-21 herein.**

23.     On information and belief, BMW has been and now is directly infringing the '194 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles (including but not limited to various model years of BMW's 3-series, 5-series and 6-series models) having displays (including but not limited to the 65829224346 navigation/driver information display) that infringe one or more claims of the '194 Patent, all to the injury of IDT. BMW is thus liable for infringement of the '194 Patent pursuant to 35 U.S.C. § 271.

**Answer to Paragraph 23:   BMWNA denies the allegations of this paragraph.**

24.     As a result of BMW's infringement of the '194 Patent, BMW has damaged IDT. BMW is liable to IDT in an amount to be determined at trial that adequately compensates IDT for the infringement, which by law can be no less than a reasonable royalty.

**Answer to Paragraph 24:   BMWNA denies the allegations of this paragraph.**

25.     IDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '194 Patent.

**Answer to Paragraph 25:  This paragraph contains a non-factual allegation to which a response is not required.  To the extent a response is required, BMWNA denies the allegations of this paragraph.**

26.     As a result of BMW's infringement of the '194 Patent, IDT has suffered and will continue to suffer loss and injury unless BMW is enjoined by this Court.

**Answer to Paragraph 26:   BMWNA denies the allegations of this paragraph.**

**COUNT 3: Infringement of U.S. Patent No. 7,384,177**

27.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-26 as though fully set forth herein.

**Answer to Paragraph 27:  BMWNA incorporate by reference its responses to paragraphs 1-26 herein.**

28.     On information and belief, BMW has been and now is directly infringing the '177 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles (including but not limited to various model years of BMW's 3-series, 5-series and 6-series models) having displays (including but not limited to the 65829224346 navigation/driver information display)

that infringe one or more claims of the '177 Patent, all to the injury of IDT. BMW is thus liable

for infringement of the '177 Patent pursuant to 35 U.S.C. § 271.

**Answer to Paragraph 28:   BMWNA denies the allegations of this paragraph.**

29.     As a result of BMW's infringement of the '177 Patent, BMW has damaged IDT.

BMW is liable to IDT in an amount to be determined at trial that adequately compensates IDT

for the infringement, which by law can be no less than a reasonable royalty.

**Answer to Paragraph 29:   BMWNA denies the allegations of this paragraph.**

30.     IDT intends to seek discovery on the issue of willfulness and reserves the

right to seek a willfulness finding relative to pre-suit infringement and/or post-suit

infringement of the '177 Patent.

**Answer to Paragraph 30:  This paragraph contains a non-factual allegation to which a response is not required.  To the extent a response is required, BMWNA denies the allegations of this paragraph.**

31.     As a result of BMW's infringement of the '177 Patent, IDT has suffered and will

continue to suffer loss and injury unless BMW is enjoined by this Court.

**Answer to Paragraph 31:   BMWNA denies the allegations of this paragraph.**

**COUNT 4: Infringement of U.S. Patent No. 7,404,660**

32.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-31 as

though fully set forth herein.

**Answer to Paragraph 32:   BMWNA incorporates by reference its responses to paragraphs 1-31 herein.**

33.     On information and belief, BMW has been and now is directly infringing the

'660 Patent in the state of Texas, in this judicial district, and elsewhere within the United

States by, among other things, making, using, offering for sale, selling, or importing

vehicles (including but not limited to various model years of BMW's 3-series, 5-series and

6-series models) having displays (including but not limited to the 65829224346 navigation/driver information display) that infringe one or more claims of the '660 Patent, all to the injury of IDT. BMW is thus liable for infringement of the '660 Patent pursuant to 35 U.S.C. § 271.

**Answer to Paragraph 33:   BMWNA denies the allegations of this paragraph.**

34.   As a result of BMW's infringement of the '660 Patent, BMW has damaged IDT. BMW is liable to IDT in an amount to be determined at trial that adequately compensates IDT for the infringement, which by law can be no less than a reasonable royalty.

**Answer to Paragraph 34:   BMWNA denies the allegations of this paragraph.**

35.   IDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '660 Patent.

**Answer to Paragraph 35:   This paragraph contains a non-factual allegation to which a response is not required.   To the extent a response is required, BMWNA denies the allegations of this paragraph.**

36.   As a result of BMW's infringement of the '660 Patent, IDT has suffered and will continue to suffer loss and injury unless BMW is enjoined by this Court.

**Answer to Paragraph 36:   BMWNA denies the allegations of this paragraph.**

**COUNT 5: Infringement of U.S. Patent No. 7,434,974**

37.   Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-36 as though fully set forth herein.

**Answer to Paragraph 37:   BMWNA incorporates by reference its responses to paragraphs 1-36 herein.**

38.    On information and belief, BMW has been and now is directly infringing the '974 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles (including but not limited to various model years of BMW's 3-series, 5-series and 6-series models) having displays (including but not limited to the 65829224346 navigation/driver information display) that infringe one or more claims of the '974 Patent, all to the injury of IDT. BMW is thus liable for infringement of the '974 Patent pursuant to 35 U.S.C. § 271.

**Answer to Paragraph 38:  BMWNA denies the allegations of this paragraph.**

39.    As a result of BMW's infringement of the '974 Patent, BMW has damaged IDT. BMW is liable to IDT in an amount to be determined at trial that adequately compensates IDT for the infringement, which by law can be no less than a reasonable royalty.

**Answer to Paragraph 39:  BMWNA denies the allegations of this paragraph.**

40.    IDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '974 Patent.

**Answer to Paragraph 40:  This paragraph contains a non-factual allegation to which a response is not required.  To the extent a response is required, BMWNA denies the allegations of this paragraph.**

41.    As a result of BMW's infringement of the '974 Patent, IDT has suffered and will continue to suffer loss and injury unless BMW is enjoined by this Court.

**Answer to Paragraph 41:  BMWNA denies the allegations of this paragraph.**

**COUNT 6: Infringement of U.S. Patent No. 7,537,370**

42.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-41 as though fully set forth herein.

**Answer to Paragraph 42:**  **BMWNA incorporates by reference its responses to paragraphs 1-41 herein.**

43.     On information and belief, BMW has been and now is directly infringing the '370 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles (including but not limited to various model years of BMW's 3-series, 5-series and 6-series models) having displays (including but not limited to the 65829224346 navigation/driver information display) that infringe one or more claims of the '370 Patent, all to the injury of IDT. BMW is thus liable for infringement of the '370 Patent pursuant to 35 U.S.C. § 271.

**Answer to Paragraph 43:**  **BMWNA denies the allegations of this paragraph.**

44.     As a result of BMW's infringement of the '370 Patent, BMW has damaged IDT.  BMW is liable to IDT in an amount to be determined at trial that adequately compensates IDT for the infringement, which by law can be no less than a reasonable royalty.

**Answer to Paragraph 44:**  **BMWNA denies the allegations of this paragraph.**

45.     IDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '370 Patent.

**Answer to Paragraph 45:**  **This paragraph contains a non-factual allegation to which a response is not required.  To the extent a response is required, BMWNA denies the allegations of this paragraph.**

46.     As a result of BMW's infringement of the '370 Patent, IDT has suffered and will continue to suffer loss and injury unless BMW is enjoined by this Court.

**Answer to Paragraph 46:**  **BMWNA denies the allegations of this paragraph.**

## COUNT 7: Infringement of U.S. Patent No. 8,215,816

47.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-46 as though fully set forth herein.

**Answer to Paragraph 47:  BMWNA incorporates by reference its responses to paragraphs 1-46 herein.**

48.     On information and belief, BMW has been and now is directly infringing the '816 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles (including but not limited to various model years of BMW's 3-series, 5-series and 6-series models) having displays (including but not limited to the 65829224346 navigation/driver information display) that infringe one or more claims of the '816 Patent, all to the injury of IDT.  BMW is thus liable for infringement of the '816 Patent pursuant to 35 U.S.C. § 271.

**Answer to Paragraph 48:   BMWNA denies the allegations of this paragraph.**

49.     As a result of BMW's infringement of the '816 Patent, BMW has damaged IDT. BMW is liable to IDT in an amount to be determined at trial that adequately compensates IDT for the infringement, which by law can be no less than a reasonable royalty.

**Answer to Paragraph 49:     BMWNA denies the allegations of this paragraph.**

50.     IDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '816 Patent.

**Answer to Paragraph 50:   This paragraph contains a non-factual allegation to which a response is not required.  To the extent a response is required, BMWNA denies the allegations of this paragraph.**

51.     As a result of BMW's infringement of the '816 Patent, IDT has suffered and will continue to suffer loss and injury unless BMW is enjoined by this Court.

**Answer to Paragraph 51:**   **BMWNA denies the allegations of this paragraph.**

**COUNT 8: Infringement of U.S. Patent No. 6,508,563**

52.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-51 as though fully set forth herein.

**Answer to Paragraph 52:  BMWNA incorporates by reference its responses to paragraphs 1-51 herein.**

53.     On information and belief, BMW has been and now is directly infringing the '563 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles (including but not limited to various model years of BMW's 323i, 325i, 325xi, 328i, 328xi, 330i, 330xi, 335i, 335xi and M3 Sedans) having lights (including but not limited to the 63217161955 and 63217161956 tail lights) that infringe one or more claims of the '563 Patent, all to the injury of IDT. BMW is thus liable for infringement of the '563 Patent pursuant to 35 U.S.C. § 271.

**Answer to Paragraph 53:**   **BMWNA denies the allegations of this paragraph.**

54.     As a result of BMW's infringement of the '563 Patent, BMW has damaged IDT. BMW is liable to IDT in an amount to be determined at trial that adequately compensates IDT for the infringement, which by law can be no less than a reasonable royalty.

**Answer to Paragraph 54:**   **BMWNA denies the allegations of this paragraph.**

55.     IDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '563 Patent.

**Answer to Paragraph 55:** **This paragraph contains a non-factual allegation to which a response is not required. To the extent a response is required, BMWNA denies the allegations of this paragraph.**

56.     As a result of BMW's infringement of the '563 Patent, IDT has suffered and will continue to suffer loss and injury unless BMW is enjoined by this Court.

**Answer to Paragraph 56:** **BMWNA denies the allegations of this paragraph.**

**COUNT 9: Infringement of U.S. Patent No. 6,886,956**

57.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-56 as though fully set forth herein.

**Answer to Paragraph 57:** **BMWNA incorporates by reference its responses to paragraphs 1-56 herein.**

58.     On information and belief, BMW has been and now is directly infringing the '956 Patent in the state of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, offering for sale, selling, or importing vehicles (including but not limited to various model years of BMW's 323i, 325i, 325xi, 328i, 328xi, 330i, 330xi, 335i, 335xi and M3 Sedans) having lights (including but not limited to the 63217161955 and 63217161956 tail lights) that infringe one or more claims of the '956 Patent, all to the injury of IDT.  BMW is thus liable for infringement of the '956 Patent pursuant to 35 U.S.C. § 271.

**Answer to Paragraph 58:** **BMWNA denies the allegations of this paragraph.**

59.     As a result of BMW's infringement of the '956 Patent, BMW has damaged IDT. BMW is liable to IDT in an amount to be determined at trial that adequately compensates IDT for the infringement, which by law can be no less than a reasonable royalty.

**Answer to Paragraph 59:** **BMWNA denies the allegations of this paragraph.**

60.     IDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the '956 Patent.

**Answer to Paragraph 60:** **This paragraph contains a non-factual allegation to which a response is not required.  To the extent a response is required, BMWNA denies the allegations of this paragraph.**

61.     As a result of BMW's infringement of the '956 Patent, IDT has suffered and will continue to suffer loss and injury unless BMW is enjoined by this Court.

**Answer to Paragraph 61:** **BMWNA denies the allegations of this paragraph.**

## GENERAL DENIAL

Except where expressly admitted, each and every allegation contained in the complaint is denied.  BMWNA further states that Plaintiff is not entitled to the relief it seeks and is not entitled to any relief.

## BMW OF NORTH AMERICA, LLC'S AMENDED DEFENSES

### FIRST DEFENSE

Plaintiff's amended complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

BMWNA does not infringe and has not infringed any valid and enforceable claim of the '563, '547, '956, '194, '177, '660, '974, '370, and '816 Patents.

### THIRD DEFENSE

The '563, '547, '956, '194, '177, '660, '974, '370, and '816 Patents are invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code § 1, *et seq*.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, acquiescence, laches, estoppel, implied license, unclean hands and/or any other equitable remedy.

### FIFTH DEFENSE

BMWNA has engaged in all relevant activities in good faith, thereby precluding Plaintiffs, even if they prevail, from recovering reasonable attorney's fees and/or costs under 35 U.S.C. § 285.

### SIXTH DEFENSE

Plaintiff's claim for damages for alleged infringement is barred in whole or in part by its failure to comply with 35 U.S.C. § 287.

### SEVENTH DEFENSE

Upon information and belief, Plaintiff lacks standing because Plaintiff does not own all substantial rights to the '563, '547, '956, '194, '177, '660, '974, '370, and '816 Patents.

**EIGHTH DEFENSE**

By reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that ultimately led to the issuance of the '563, '547, '956, '194, '177, '660, '974, '370, and '816 Patents, Plaintiff is estopped from asserting that any claims of those patents are infringed by BMWNA under the Doctrine of Equivalents.

**NINTH DEFENSE**

Plaintiff's claims are barred at least in part by a license and/or patent exhaustion and/or a non-assertion agreement.

**RESEVATION OF ADDITIONAL DEFENSES**

BMWNA reserves all affirmative defenses under Fed. R. Civ. P. 8(c), the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

**COUNTERCLAIM**

62.     Pursuant to Fed. R. Civ. P. 13, Counter-Plaintiff, BMW of North America, LLC ("BMWNA"), complains and alleges against Counter-Defendant, Innovative Display Technologies LLC ("IDT"), as follows:

**NATURE OF THE LAWSUIT**

63.     This Counterclaim is an action for a declaration of patent non-infringement, patent invalidity, and unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*, and the patent laws of the United States, 35 U.S.C. § 1, *et. seq.*

**PARTIES**

64.     BMW of North America, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 300 Chestnut Road, Woodcliff Lake, NJ 07677.

65.     The First Amended Complaint alleges that Plaintiff Innovative Display Technologies LLC ("IDT") is a Texas limited liability company having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

**JURISDICTION AND VENUE**

66.     This Court has subject matter jurisdiction over these counterclaims based on 28 U.S.C. §§ 1331, 1338, 2201-02 and under Fed. R. Civ. P. 13(a) in that this is a compulsory counterclaim to the allegations of the First Amended Complaint.

67.     Venue is proper in this judicial district because the declaratory relief sought is a compulsory counterclaim to claims filed by Plaintiff in this case and pursuant to 28 U.S.C. §§ 1367 and 1391(b).

68.     This Court has personal jurisdiction over Plaintiff, *inter alia*, because Plaintiff has submitted to personal jurisdiction herein by filing its First Amended Complaint in this Court.

## COUNT I
## INVALIDITY – NON-INFRINGMENT – UNENFORCEABILITY – '563 PATENT

69.     BMWNA repeats and re-alleges and incorporates herein the foregoing responses and allegations.

70.     By virtue of the First Amended Complaint filed by Plaintiff in this action, there is an actual and justifiable controversy between BMWNA and Plaintiff concerning non-infringement, invalidity, and unenforceability with respect to the '563 Patent.   A judicial declaration is needed and appropriate to resolve this controversy.

71.     BMWNA seeks a declaration that the products made, used, imported, sold or offered for sale by BMWNA have not and do not infringe, directly or indirectly, any valid and enforceable claim of the '563 Patent and/or that the '563 Patent is either invalid or otherwise unenforceable for one or more of the grounds set forth in 35 U.S.C. § 1, *et seq*.

72.     This case qualifies as an exceptional case under 35 U.S.C. § 285.

## COUNT II
## INVALIDITY – NON-INFRINGMENT – UNENFORCEABILITY – '547 PATENT

73.     BMWNA repeats and re-alleges and incorporates herein the foregoing responses and allegations.

74.     By virtue of the First Amended Complaint filed by Plaintiff in this action, there is an actual and justifiable controversy between BMWNA and Plaintiff concerning non-infringement, invalidity, and unenforceability with respect to the '547 Patent.   A judicial declaration is needed and appropriate to resolve this controversy.

75.     BMWNA seeks a declaration that the products made, used, imported, sold or offered for sale by BMWNA have not and do not infringe, directly or indirectly, any valid and enforceable claim of the '547 Patent and/or that the '547 Patent is either invalid or otherwise unenforceable for one or more of the grounds set forth in 35 U.S.C. § 1, *et seq.*

76.     This case qualifies as an exceptional case under 35 U.S.C. § 285.

## COUNT III
## INVALIDITY – NON-INFRINGMENT – UNENFORCEABILITY – '956 PATENT

77.     BMWNA repeats and re-alleges and incorporates herein the foregoing responses and allegations.

78.     By virtue of the First Amended Complaint filed by Plaintiff in this action, there is an actual and justifiable controversy between BMWNA and Plaintiff concerning non-infringement, invalidity, and unenforceability with respect to the '956 Patent.   A judicial declaration is needed and appropriate to resolve this controversy.

79.     BMWNA seeks a declaration that the products made, used, imported, sold or offered for sale by BMWNA have not and do not infringe, directly or indirectly, any valid and enforceable claim of the '956 Patent and/or that the '956 Patent is either invalid or otherwise unenforceable for one or more of the grounds set forth in 35 U.S.C. § 1, *et seq.*

80.     This case qualifies as an exceptional case under 35 U.S.C. § 285.

## COUNT IV
## INVALIDITY – NON-INFRINGMENT – UNENFORCEABILITY – '194 PATENT

81.     BMWNA repeats and re-alleges and incorporates herein the foregoing responses and allegations.

82.     By virtue of the First Amended Complaint filed by Plaintiff in this action, there is an actual and justifiable controversy between BMWNA and Plaintiff concerning non-

infringement, invalidity, and unenforceability with respect to the '194 Patent.  A judicial declaration is needed and appropriate to resolve this controversy.

83.     BMWNA seeks a declaration that the products made, used, imported, sold or offered for sale by BMWNA have not and do not infringe, directly or indirectly, any valid and enforceable claim of the '194 Patent and/or that the '194 Patent is either invalid or otherwise unenforceable for one or more of the grounds set forth in 35 U.S.C. § 1, *et seq.*

84.     This case qualifies as an exceptional case under 35 U.S.C. § 285.

### COUNT V
### INVALIDITY – NON-INFRINGMENT – UNENFORCEABILITY – '177 PATENT

85.     BMWNA repeats and re-alleges and incorporates herein the foregoing responses and allegations.

86.     By virtue of the First Amended Complaint filed by Plaintiff in this action, there is an actual and justifiable controversy between BMWNA and Plaintiff concerning non-infringement, invalidity, and unenforceability with respect to the '177 Patent.  A judicial declaration is needed and appropriate to resolve this controversy.

87.     BMWNA seeks a declaration that the products made, used, imported, sold or offered for sale by BMWNA have not and do not infringe, directly or indirectly, any valid and enforceable claim of the '177 Patent and/or that the '177 Patent is either invalid or otherwise unenforceable for one or more of the grounds set forth in 35 U.S.C. § 1, *et seq.*

88.     This case qualifies as an exceptional case under 35 U.S.C. § 285.

### COUNT VI
### INVALIDITY – NON-INFRINGMENT – UNENFORCEABILITY – '660 PATENT

89.     BMWNA repeats and re-alleges and incorporates herein the foregoing responses and allegations.

90.     By virtue of the First Amended Complaint filed by Plaintiff in this action, there is an actual and justifiable controversy between BMWNA and Plaintiff concerning non-infringement, invalidity, and unenforceability with respect to the '660 Patent.   A judicial declaration is needed and appropriate to resolve this controversy.

91.     BMWNA seeks a declaration that the products made, used, imported, sold or offered for sale by BMWNA have not and do not infringe, directly or indirectly, any valid and enforceable claim of the '660 Patent and/or that the '660 Patent is either invalid or otherwise unenforceable for one or more of the grounds set forth in 35 U.S.C. § 1, *et seq*.

92.     This case qualifies as an exceptional case under 35 U.S.C. § 285.

## COUNT VII
## INVALIDITY – NON-INFRINGMENT – UNENFORCEABILITY – '974 PATENT

93.     BMWNA repeats and re-alleges and incorporates herein the foregoing responses and allegations.

94.     By virtue of the First Amended Complaint filed by Plaintiff in this action, there is an actual and justifiable controversy between BMWNA and Plaintiff concerning non-infringement, invalidity, and unenforceability with respect to the '974 Patent.   A judicial declaration is needed and appropriate to resolve this controversy.

95.     BMWNA seeks a declaration that the products made, used, imported, sold or offered for sale by BMWNA have not and do not infringe, directly or indirectly, any valid and enforceable claim of the '974 Patent and/or that the '974 Patent is either invalid or otherwise unenforceable for one or more of the grounds set forth in 35 U.S.C. § 1, *et seq*.

96.     This case qualifies as an exceptional case under 35 U.S.C. § 285.

**COUNT VIII**
**INVALIDITY – NON-INFRINGMENT – UNENFORCEABILITY – '370 PATENT**

97.     BMWNA repeats and re-alleges and incorporates herein the foregoing responses and allegations.

98.     By virtue of the First Amended Complaint filed by Plaintiff in this action, there is an actual and justifiable controversy between BMWNA and Plaintiff concerning non-infringement, invalidity, and unenforceability with respect to the '370 Patent.   A judicial declaration is needed and appropriate to resolve this controversy.

99.     BMWNA seeks a declaration that the products made, used, imported, sold or offered for sale by BMWNA have not and do not infringe, directly or indirectly, any valid and enforceable claim of the '370 Patent and/or that the '370 Patent is either invalid or otherwise unenforceable for one or more of the grounds set forth in 35 U.S.C. § 1, *et seq*.

100.    This case qualifies as an exceptional case under 35 U.S.C. § 285.

**COUNT IX**
**INVALIDITY – NON-INFRINGMENT – UNENFORCEABILITY – '816 PATENT**

101.    BMWNA repeats and re-alleges and incorporates herein the foregoing responses and allegations.

102.    By virtue of the First Amended Complaint filed by Plaintiff in this action, there is an actual and justifiable controversy between BMWNA and Plaintiff concerning non-infringement, invalidity, and unenforceability with respect to the '816 Patent.   A judicial declaration is needed and appropriate to resolve this controversy.

103.    BMWNA seeks a declaration that the products made, used, imported, sold or offered for sale by BMWNA have not and do not infringe, directly or indirectly, any valid and

enforceable claim of the '816 Patent and/or that the '816 Patent is either invalid or otherwise unenforceable for one or more of the grounds set forth in 35 U.S.C. § 1, *et seq*.

104.    This case qualifies as an exceptional case under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

**WHEREFORE,** BMWNA respectfully requests that this Court:

A.    Dismiss Plaintiff's First Amended Complaint with prejudice;

B.    Order and adjudge that BMWNA has not infringed any valid, enforceable claims of the '563, '547, '956, '194, '177, '660, '974, '370, and '816 Patents;

C.    Order and adjudge that the '563, '547, '956, '194, '177, '660, '974, '370, and '816 Patents are invalid under the patent laws of the United States for failure to comply with requirements of patentability set forth in Title 35, United States Code § 1, *et seq*.;

D.    Order and adjudge that the '563, '547, '956, '194, '177, '660, '974, '370, and '816 Patents are unenforceable;

E.    Order and adjudge that this case is exceptional pursuant to 35 U.S.C. § 285, and award BMWNA its reasonable attorney's fees; and

F.    Grant BMWNA such further relief as this Court deems just and appropriate.

## **JURY DEMAND**

BMWNA hereby demands a jury trial on all issues so triable in this case.

//
//
//
//
//
//

November 24, 2014                           Respectfully submitted,

                                       **DLA PIPER LLP (US)**


                        By:   */s/ Joseph P. Lavelle*
                              Joseph P. Lavelle
                              DC Bar No. 367011
                              Andrew N. Stein
                              D.C. Bar No. 1005411
                              **DLA PIPER LLP (US)**
                              500 Eighth Street, NW
                              Washington, DC 20004
                              Telephone: (202) 799-4000
                              Facsimile: (202) 799-5000
                              E-mail: joe.lavelle@dlapiper.com
                              E-mail: andrew.stein@dlapiper.com

                              *Attorneys for Defendant BMW of North America*
                              *LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 24th day of November, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission or first class mail on this same date.


*/s/ Joseph P. Lavelle*